FILED

APR 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILL X. WALTERS, an individual,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>LIEUTENANT NIESLIT; et al.,<br><br>Defendants - Appellees. | No. 14-55495<br><br>D.C. No. 3:12-cv-00589-CAB-DHB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted March 11, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

Appellant Will Walters ("Walters") appeals the district court's order

granting summary judgment for the City of San Diego and the individual officer-

defendants (collectively, "Defendants"). We affirm in part, reverse in part, and

remand.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.**     The district court erred in granting summary judgment for the City of San Diego and Lieutenant Nieslit on Walters' Equal Protection Clause claims. Viewing all "the evidence in the light most favorable to" Walters, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), there are material triable issues of fact as to whether the San Diego Police Department ("SDPD") adopted a discriminatory policy of selectively enforcing the City's nudity ordinance at San Diego Gay Pride (the "Pride Event") in 2011.[1]  Walters presented evidence that Lieutenant Nieslit, the Lieutenant in charge of SDPD's Special Events unit, attended a planning meeting of Pride Event volunteers and announced a new, more restrictive nudity policy for the Pride Event, which required that attendees fully cover their buttocks.  Previously, by contrast, SDPD had enforced a "one-inch rule" at the Pride Event, which only required a one-inch strip of fabric covering the center of an attendee's buttocks.  Walters also presented evidence that beachgoers and attendees of other special events in San Diego were in violation of the new nudity enforcement policy, but that SDPD did not increase enforcement anywhere except the Pride Event.  Given this and other evidence, Walters raised material

---

[1] Because the parties did not brief the issue below, nor did the district court address it, we assume without deciding that Nieslit qualifies as a "final policymaker."  *See Lytle v. Carl*, 382 F.3d 978, 982-83 (9th Cir. 2004).

2

triable issues of fact as to the existence of a policy of selective enforcement. *See, e.g.*, *Arce v. Douglas*, 793 F.3d 968, 977-81 (9th Cir. 2015).

Whether the policy had a discriminatory effect and purpose is also disputed. *See Wayte v. United States*, 470 U.S. 598, 608 (1985) (holding that to prevail on an equal protection claim a plaintiff must show "discriminatory effect" and "discriminatory purpose"). Although Walters was the only Pride attendee to be cited, there was evidence that at least 12 to 15 other attendees were warned to cover up. Combined with the evidence showing an absence of enforcement elsewhere, this evidence creates material triable issues of fact as to the discriminatory effect of the nudity policy. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985); *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1164-66 (9th Cir. 2013). As for discriminatory purpose, Walters is entitled at the summary judgment stage to an inference that targeting Pride Event attendees is tantamount to targeting gay individuals and individuals who support gay rights. *Lacey v. Maricopa Cnty*, 693 F.3d 896, 907-10, 920-22 (9th Cir. 2012). That an officer referred to Walters as a "drama queen" during his arrest is additional evidence of discriminatory purpose. *See Ballstreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990). Although Defendants may ultimately establish that another purpose motivated their nudity policy at the Pride Event, that

question is seriously disputed. *See Pac. Shores*, 730 F.3d at 1159-64. We therefore reverse the grant of summary judgment in favor of the City of San Diego and Lieutenant Nieslit on Walters' first cause of action.

2.     In his second cause of action, Walters argued that the individual defendants enforced the discriminatory policy against him, violating his individual right to equal protection under the law. In opposition to Defendants' motion for summary judgment, Walters presented evidence that his arrest at the Pride Event occurred pursuant to the new selective enforcement policy. Thus, to the extent the policy was discriminatory, arresting Walters pursuant to that policy would violate his equal protection rights. Because we reverse as to Walters' claim of a discriminatory policy, we also reverse on his individual equal protection claim.

3.     The district court relied solely on its finding that there was no discriminatory policy to grant judgment in favor of Defendants on Walters' negligence claim and in favor of the individual defendants on his Bane Act claim. Because we reverse the grant of summary judgment on Walters' policy claim, we also reverse on Walters' negligence and Bane Act claims. On remand, the district court may consider the parties' other arguments related to those claims.

4.     At oral argument, Walters' counsel conceded that the individual defendants were entitled to qualified immunity on Walters' Fourth Amendment claims, and

agreed to dismiss his false arrest and battery claims.  Accordingly, we affirm the district court's qualified immunity determination for the individual defendants.

We also affirm the grant of summary judgment in favor of Defendants on Walters' false arrest claim.  As for the battery claim, by failing to address that issue in his opening brief, Walters waived any challenge to the district court's ruling.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

The parties shall bear their own costs on appeal.